BILL LOCKYER Attorney General JONATHAN R. DAVIS Deputy Attorney General
THE LIBRARY OF CALIFORNIA BOARD has requested an opinion on the following question:
Upon replacement of the California Library Services Act cooperative library system programs, may a cooperative library system continue to operate, with or without state funding?
 CONCLUSION
Upon replacement of the California Library Services Act cooperative library system programs, a cooperative library system may continue to operate, with or without state funding, depending upon the particular circumstances present.
 ANALYSIS
The cooperative library system programs currently being operated pursuant to the provisions of the California Library Services Act (Ed. Code, § 18700-18767; "Act I")[1] will be replaced by different programs authorized under the provisions of the Library of California Act (§§ 18801-18870; "Act II"). At the end of the transition period implementing the new programs, the Library of California Board ("Board") will "file a written notice with the Secretary of the Senate and the Chief Clerk of the Assembly notifying the Legislature of the fact, and date, of full implementation of [Act II]." (§ 18870, subd. (c).) Filing the notice that Act I's programs have been replaced will cause the repeal of Act I. (Ibid.)
The question presented for resolution concerns whether any entities providing services under Act I may continue to operate after Act I has been repealed.[2] We conclude that depending upon the individual circumstances, it is conceivable that some of the entities may continue to operate with or without state funding.
Under Act I, approximately 170 public libraries in 15 "cooperative library systems"[3] are reimbursed by the state for loaning books and other resources and providing services to each other. Under Act II, it is expected that approximately 800 public and private libraries in five "network regions"[4] will be reimbursed by the state for loaning books and other resources and providing services to each other.
1. Separate Agreements
We first address the current operation of resource sharing by cooperative library systems. Cooperative library systems receive from the state "an annual allowance for the improvement and maintenance of coordinated reference service support to the members of the system." (§ 18741, subd. (a).) They receive additional state funds for providing special service programs (§ 18742), "intrasystem communications and delivery" (§ 18745), and "planning, coordination, and evaluation of the overall systemwide services authorized by [Act I]" (§ 18746). "Each member library of a system shall be reimbursed through the system to cover handling costs, excluding communication and delivery costs, of each interlibrary loan between member libraries of the system. . . ." (§ 18744.)
Nothing in Act II prohibits the continued sharing of resources outside the scope of Act II's provisions.[5] Of course, a cooperative library system will not be able to exist as a cooperative library system pursuant to Act I's provisions, since such provisions will be repealed. However, the libraries in such a system may enter into independent agreements to share resources and provide services on mutually agreed upon terms.[6]
While state funding under Act I's provisions will not be available, state funding pursuant to Act II's provisions will conceivably be available based upon compliance with the latter's terms and conditions of operation.
2. Combination of Eligible Libraries
The programs and state funding of Act II are available to individual "libraries." Subdivision (a) of section 18830 provides the basic authorization for libraries to participate in Act II's programs: "Libraries in public library jurisdictions that are members of a regional library network and libraries in institutions that are members of a regional library network are eligible to receive services under [Act II] and to become participating libraries. . . ."
"Combinations" of eligible libraries may receive state funding for a variety of programs. (See §§ 18843, 18846, subd. (b),18848, 18850, subd. (b), 18853, subd. (c), 18855, subd. (c), 18856, subd. (b), 18857.) For example, section18848 states:
 "Any combination of eligible libraries may receive funds from the regional library network for cooperative, coordinated resource development programs of benefit to the local service area and to the region as a whole. Each library participating in this program shall already be capable of meeting the basic, recurring needs of its primary clientele through its locally supported collection. Library resources purchased, in whole or in part, under this program shall be widely accessible to Californians for the useful life of those resources."
Depending upon the particular circumstances, it is conceivable that a cooperative library system may qualify as a combination of eligible libraries under Act II's provisions.
3. Special Libraries
A "special library" may join a regional library network and receive state funding for participating in the programs of Act II. (§18830, subd. (a).) A special library is defined in subdivision (v) of section 18810 as follows:
 "`Special library' means a library that is maintained by a parent organization to serve a specialized clientele; or an independent library that may provide specialized materials or services, or both, in a specific subject to the public, a segment of the public, or other libraries. It is maintained by an association, business or corporation, government agency, research institution, learned society, not-for-profit organization, professional association, museum, industrial enterprise, chamber of commerce, or other organized group and is characterized by its depth of subject coverage."
A "special library is a primary source of information and research resources related to its specific mission or the purpose of its parent organization. . . ." (§ 18801, subd. (a)(9).)
It is conceivable that a cooperative library system operated under Act I might qualify as a special library under the terms of Act II. As specified in section 18810, a special library is characterized by its depth of subject covered and may be maintained by any organized group. If independent, it may provide specialized materials or services, or both, in a specific subject to the public, a segment of the public, or other libraries. If maintained by a parent organization, it is limited to serving a specialized clientele.
Whether a currently existing cooperative library system may meet the qualifications of a special library under Act II's provisions would depend upon the particular circumstances presented.
4. Information Agency
It is also conceivable that an existing cooperative library system may qualify as an "information agency" under Act II's provisions. Information agencies may participate in the programs of Act II and receive state funding for providing specified services and resources. (§§ 18810, subds. (f), (g), 18830, subd. (a), 18844, subd. (b),18850, subds. (b), (c), 18853, subd. (a), 18856, subd. (a), 18861.)
Subdivision (f) of section 18810 describes information agencies as "institutions that provide or preserve, or both, information resources, such as archives, historical societies, libraries, and museums." Subdivision (g) of section 18810 in turn defines an "institution" as follows:
 "`Institution' means a business or corporation, college, correctional facility, education agency, governmental agency, hospital, not-for-profit organization, professional association, school district, or other organized group that is authorized by law and that operates one or more libraries. These libraries would be academic, school, or special libraries located in California. . . ."
Hence, an information agency must operate one or more libraries (§18810, subds. (f), (g)), but need not be a library itself (see §18844, subd. (b)). An existing cooperative library system might constitute an information agency after Act I is repealed if it operates at least one academic library,[7] school library,[8] or special library in California. (§ 18810, subd. (g).)
Again, the circumstances of the individual cooperative library system must be examined to determine whether it might qualify for participation and state funding under Act II's provisions as an information agency.
5. Independent Contracts For Services
The final consideration to be addressed is whether a cooperative library system may contract with a regional library network after Act I has been repealed. As previously indicated, a cooperative library system will not be able to operate or receive state funding under Act I's provisions once the Act II programs are fully implemented. A cooperative library system might be able to operate outside the scope of Act I and Act II, or it could attempt to qualify for participation and funding under Act II. A third alternative would allow the cooperative library system to contract to provide services to a regional library network organized and operating pursuant to Act II.
Nothing in Act II prohibits a regional library network from independently contracting for services from any entity. The services provided by a regional library network are varied. Section 18842
provides the basic authorization:
 "Each regional library network shall do all of the following:
 "(a) Make available a telecommunications system for the transfer of information and communications among its members.
 "(b) Provide regional communications based upon the most effective methods of exchanging information among its members.
 "(c) Provide intraregional delivery service based upon the most cost-effective methods for moving materials among its members.
 "(d) Provide online access to the information files, resources, and bibliographic records of its members which may be accessed regionally and statewide."
"Each regional library network shall provide opportunities for training and continuing education activities that encourage the most effective use of the resources and services authorized under this chapter, and that respond to the needs of its members in the effective delivery of services." (§ 18845.) "Each regional library network shall provide information and referrals to answer requests that are beyond the capacity or capability of its members by accessing the resources and expertise of other libraries, improving general reference service in participating libraries, and improving reference service to respond to the needs of the underserved populations in the region." (18846, subd. (a).) "Each regional library network shall augment the public awareness programs of its members by providing public relations packages to them for customization and dissemination." (§ 18847.)
Any of the services performed under Act II's programs may be the subject of an independent contract between a regional library network and a cooperative library system, if the specific facts so allow.
We conclude that upon replacement of Act I's programs, a cooperative library system may continue to operate, with or without state funding, depending upon the particular circumstances present.
[1] All references hereafter to the Education Code are by section number only.
[2] We may assume for purposes of this opinion that the Legislature has not, by a subsequent act, continued Act I in full force and effect. (See § 18870, subd. (c).)
[3] A cooperative library system is "a public library system that consists of two or more jurisdictions entering into a written agreement to implement a regional program in accordance with [Act I], and which, as of the effective date of [Act I], was designated a library system under the Public Library Services Act of 1963 or was a successor to such a library system." (§ 18710, subd. (c).)
[4] A network region is "a geographic subdivision of California within which libraries organize as a regional library network under [Act II] for the purpose of resource sharing and mutual cooperation" (§ 18810, subd. (k)), with "regional library network" meaning "a not-for-profit, cooperative organization established by the Library of California Board composed of libraries within the public library jurisdictions or institutions that choose to become members and agree to share resources and services with, or to provide resources and services to, or both, other members of the regional library network." (§ 18810, subd. (s).)
[5] However, "[p]articipating libraries may not obtain services provided under [Act II] on behalf of nonparticipating libraries. . . ." (§ 18830, subd. (c).)
[6] For example, the libraries may have the authority to enter into a joint powers agreement (Gov. Code, §§ 6500-6599) for the exchange of resources and services. The joint powers agreement may designate the joint powers agency as a cooperative library system.
[7] An "academic library" is one that is "established and maintained by a college or university or other postsecondary institution to meet the educational needs of its students, faculty, staff, and others by agreement." (§ 18810, subd. (a).)
[8] A "school library" is one "that is established to support the curriculum-related research and instructional reading needs of pupils and teachers and provides the collections, related equipment, and instructional services of a staff for an elementary or secondary school." (§ 18810, subd. (u).)